**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**LARRY J. LANGSTON**                                                                  **PLAINTIFF**

**VS.**                                     **1:08-CV-00039-WRW**

**TATE LAWRENCE, et. al.**                                                 **DEFENDANTS**

## ORDER

Pending is Defendant's Motion to Dismiss party Izard County Jail (Doc. No. 18).

In his original Complaint, Plaintiff named Izard County Jail as a defendant. Suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights are authorized by 42 U.S.C. § 1983. However, a "jail" is not recognized as an entity capable of suing and being sued under state law and is, therefore, not a "person" within the meaning of 42 U.S.C. § 1983.[1] In naming Izard County Jail as a defendant, Plaintiff has not named a "person" amenable to suit within the meaning of 42 U.S.C. § 1983.

Accordingly, Defendant's Motion to Dismiss Izard County Jail (Doc. No. 18) is GRANTED.

IT IS SO ORDERED this 26th day of August, 2008.

                                                                             /s/ Wm. R. Wilson, Jr.
                                                                             UNITED STATES DISTRICT JUDGE

---

[1] See *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment for defendant jail on grounds that county jails are not legal entities amenable to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (county jail not subject to suit under § 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amendable to suit").